IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR SALCEDO DIAZ, | CASE NO. CV F 07-01276 LJO WMW HC |
| Petitioner, | **ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On August 31, 2007, Oscar Salcedo Diaz ("Petitioner") filed a *pro se* Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Petition") in this Court.[1] At the time of filing the Petition, Petitioner was incarcerated at the California City Correctional Center in Kern County, located within the jurisdictional boundaries of the United States District Court for the Eastern District of California. (*See* Pet. 1);[2] 28 U.S.C. § 84(b).[3] On April 14, 2008, the United States of America ("Respondent") filed an Answer to the Petition. As of the date of this Order, Petitioner has not

---

[1] Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302, the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

[2] For ease of reference, the Court utilizes the CM/ECF pagination for the Petition.

[3] On November 2, 2007, Petitioner filed a Notice of Change of Address, indicating his current mailing address to be 1912 N.W. Harriman Street, Bend, Oregon 97701. (*See* Doc. 5.) It appears Petitioner was released from prison on November 7, 2007. (Answer Ex. D.)

1

filed a Traverse or a request for an extension of time to do so.  Thus, this matter is ready for decision.

## PROCEDURAL HISTORY

On May 17, 2006, in the United States District Court for the District of Oregon, Petitioner pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). (*See* Answer Ex. C.) The indictment charged that on or about September 2, 2005, Petitioner, an alien, was found in the United States, having been previously arrested and removed from the United States as an alien on April 25, 2003. (Answer Ex. B.) Petitioner's April 25, 2003, removal occurred subsequent to a 2002 conviction for commission of an aggravated felony—assault in the third degree—in Deschutes County, Oregon. (*Id.*) On May 17, 2006, the district court sentenced Petitioner to thirty months imprisonment followed by a one-year period of supervised release (Answer Ex. C), and judgment was entered on May 22, 2006 (Answer Ex. A at 5-6). Petitioner did not appeal or file a motion under 28 U.S.C. § 2255 attacking his conviction or sentence. (*See* Answer Ex. A at 6; Pet. 3, 10.)

## DISCUSSION

Petitioner raises three claims: (1) he should have been charged and convicted under 8 U.S.C. § 1325 rather than § 1326(a), (b)(2); (2) his prior 2003 deportation was wrongful and/or he was not given the opportunity to challenge the deportation; and (3) ineffective assistance of counsel for failing to raise the aforementioned claims in the district court and by filing a notice of appeal. (Pet. 4-9.)[4] Petitioner argues that he did not file a motion pursuant to 28 U.S.C. § 2255 because he is indigent and a layperson at the law and unaware of the one-year statute of limitations for § 2255 motions. (*Id.* 10); *see* 28 U.S.C. § 2255(f). Petitioner also claims that he had just received and reviewed all requested documents from his former attorney in order to file the instant Petition. (Pet. 10.)

### Jurisdiction over the Petition

### Claim Two: Challenging 2003 Deportation

In his second claim, to the extent Petitioner challenges his 2003 deportation, this Court is without jurisdiction. Section 106 of the REAL ID Act, Pub. L. No. 109-13, Div. B, § 106, 119 Stat. 231 (2005), "eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to

---

[4] Petitioner's fourth claim substantially duplicates his first and third claims. (*See* Pet. 6, 9.)

review such orders exclusively in the courts of appeals." *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052-53 (9th Cir. 2005); *see Singh v. Mukasey*, 533 F.3d 1103, 1105 (9th Cir. 2008). As amended by § 106(a) of the REAL ID Act, 8 U.S.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . *a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section.[5]

8 U.S.C. § 1252(a)(5) (emphasis added). "Although the statute, as quoted above, generally refers to an 'order of removal,' these changes also clearly apply to an order of 'deportation.'" *Rafaelano v. Wilson*, 471 F.3d 1091, 1095 (9th Cir. 2006); *see* REAL ID Act § 106(b) (stating § 106(a) of the REAL ID Act "shall apply to cases in which the final administrative order of removal, *deportation*, or exclusion was issued before, on, or after the date of the enactment of this division") (emphasis added).

In addition, the REAL ID Act "requires district courts to transfer all habeas petitions brought by aliens that were pending before the district court on the effective date of the REAL ID Act (May 11, 2005) to the appropriate circuit court, which must treat the transferred petitions as timely filed petitions for review." *Alvarez-Barajas*, 418 F.3d at 1052-53; *see* REAL ID Act § 106(c).

Here, Petitioner's second claim challenges his order of removal from the United States, and thus the Court consequently lacks subject matter jurisdiction. 8 U.S.C. § 1252(a)(5); *Puri*, 464 F.3d at 1041. Because the Petition was filed after the effective date of the REAL ID Act, the Court dismisses Petitioner's second claim for lack of jurisdiction. *Iasu v. Smith*, 511 F.3d 881, 888-89 (9th Cir. 2007);

---

[5] The relevant portion of 8 U.S.C. § 1252(e) provides that judicial review of any determination made under 8 U.S.C. § 1225(b)(1), *see infra* this note, is available in habeas corpus proceedings, limited to a determination of whether the petitioner (1) is an alien, (2) was ordered removed under such section, and (3) can prove petitioner is an alien lawfully admitted for permanent residence, admitted as a refugee, or granted asylum. *See* 8 U.S.C. § 1252(e)(2). Section 1225(b)(1) governs the inspection of aliens arriving in the United States and authorizes an immigration officer to order the removal of an alien who is arriving in the United States, without further hearing. *See* 8 U.S.C. § 1225(b)(1). However, Petitioner was not removed in 2003 pursuant to § 1225(b)(1). (*See* Answer Ex. B.) Accordingly, § 1252(e)(2) is inapplicable.

3

1  *Puri*, 464 F.3d at 1041; *Alvarez-Barajas*, 418 F.3d at 1052-53.[6]

## Claims One & Three: Challenging § 1326 Illegal Reentry Conviction

A federal court may not entertain an action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Motions contesting the legality of a federal conviction or sentence must be filed pursuant to 28 U.S.C. § 2255 in the sentencing court (here, the District of Oregon). *Id.* at 864; *see* 28 U.S.C. § 2255(a). In contrast, challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court (here, the Eastern District of California). *Hernandez*, 204 F.3d at 864.[7] Therefore, the Court must first decide whether jurisdiction is proper, i.e., whether the Petition should be considered to have been filed pursuant to § 2241 or § 2255, before it can reach the merits of Petitioner's first and third claims challenging his 2006 illegal reentry conviction. *See id.* at 865-66; *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (*citing Hernandez*, 204 F.3d at 864), *cert. denied*, 127 S. Ct. 1896 (2007).

Though filed as a § 2241 habeas petition, Petitioner's first and third claims challenge the legality of Petitioner's conviction. Accordingly, if any relief exists with respect to Petitioner's first and third claims, it is under § 2255 and not through habeas relief pursuant to § 2241. *See Hernandez*, 204 F.3d at 864.

However, in its February 11, 2008, Order Requiring Respondent to Submit Answer, the Magistrate Judge acknowledged the possibility that the Petitioner may fall under the "savings clause" of § 2255, which would enable Petitioner to file his first and third claims under § 2241. *See* 28 U.S.C. § 2255(e). As addressed *infra*, if the Petition falls under the "savings clause" and therefore qualifies as a § 2241 petition, then only the Eastern District of California, designated as the custodial court, has

---

[6] To the extent that Petitioner challenges his 2003 deportation "without being offered the opportunity to seek relief against deportation" (Pet. 6) as a violation of due process in relation to the removal itself, the Court is without jurisdiction pursuant to the REAL ID Act. *Puri*, 464 F.3d at 1041. In addition, to the extent Petitioner challenges the lack of "opportunity to seek relief against deportation" due to the Attorney General's actions, the Court is without jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g); *see Sissoko v. Rocha*, 509 F.3d 947, 949 (9th Cir. 2007).

[7] Although Petitioner's address is currently listed in Oregon (*see* Doc. 5), Petitioner properly named his immediate custodian and filed in the custodial judicial district, the Eastern District of California, at the time of filing. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

4

jurisdiction over the Petition. *Hernandez*, 204 F.3d at 865. If, however, the savings clause does not apply, then the Petition must be construed as a motion under § 2255, and jurisdiction lies only in the sentencing court, the District of Oregon. *Id.* At the outset, the Court concludes that the savings clause is not applicable to the instant Petition.

Savings Clause of 28 U.S.C. § 2255

A federal prisoner authorized to seek relief under § 2255 may not petition for habeas relief pursuant to § 2241 unless it appears that the § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). This provision of § 2255 is known as the "savings clause." *Hernandez*, 204 F.3d at 864 n.2. The burden of proving the inadequacy or ineffectiveness of a remedy under § 2255 rests on the habeas petitioner. *Toma v. Turnage*, 825 F.2d 1400, 1404 (9th Cir. 1987).

The Ninth Circuit has recognized that the remedy under a § 2255 motion is "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. *Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003). That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted; and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." *Id.* at 1060. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until *after* a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir.) (citation omitted and emphasis added), *cert. denied*, 129 S. Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Id.* (*citing Ivy*, 328 F.3d at 1060-61).

Here, Petitioner fails to show that a remedy under § 2255 is "inadequate or ineffective." Petitioner does not show he never had an "unobstructed procedural shot" at presenting his first and third claims. Petitioner did not appeal his conviction, and neither did he file a § 2255 motion challenging his conviction. Although in his third claim, Petitioner alleges he requested his attorney to file a notice of appeal, which was not filed, Petitioner does not allege he asked his attorney to file a § 2255 motion. (*See*

5

Pet. 6, 8.) Because Petitioner has not been denied an unobstructed procedural opportunity to present his claims, the Court need not address Petitioner's claim of actual innocence. *See Ivy*, 328 F.3d at 1061.

Accordingly, and for the foregoing reasons, the savings clause of 28 U.S.C. § 2255 does not apply and the Petition is properly construed as a § 2255 motion. Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864-65. Because this Court is only the custodial court and construes the Petition as a § 2255 motion, this Court lacks jurisdiction over the Petition. *Hernandez*, 204 F.3d at 864-85.

### Dismissal or Transfer of the Petition

Title 28 U.S.C. § 1631 governs the transfer of civil actions to cure jurisdictional defects, and is the proper statute the Court must utilize for lack of jurisdiction over a habeas petition. *See Hernandez*, 204 F.3d at 865 n.6.[8] Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). The Court must decide whether the Petition should be dismissed or transferred to the sentencing court, the District of Oregon.[9]

As discussed, the transferring court, the Eastern District of California, lacks jurisdiction over the Petition.

---

[8] Title 28 U.S.C. § 1631 states:
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
28 U.S.C. § 1631.

[9] As discussed in Claim Two, *supra*, the Court is without jurisdiction, pursuant to the REAL ID Act, to hear Petitioner's second claim challenging his 2003 deportation. Because the Petition was filed after the Act's enactment, Petitioner's second claim is dismissed, and the proceeding transfer analysis is confined to Petitioner first and third claims. *See Puri*, 464 F.3d at 1042-43 (finding district court not required to determine if transfer is appropriate if removal challenge filed after REAL ID Act's enactment); *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) ("A petition under § 2241 filed in a district court after that date [of the REAL ID Act's enactment] must be dismissed; it can be neither entertained nor transferred."); *see also* 8 U.S.C. § 1252(a)(5); *Khalafala v. Doe*, No. 1:08-cv-00460-LJO-TAG HC, 2008 WL 1766968, at *2 (E.D. Cal. Apr. 17, 2008).

1     The transferee court, the District of Oregon, could have exercised jurisdiction at the time the
2  action was filed in this Court on August 31, 2007. As the sentencing court, the District of Oregon could
3  hear Petitioner's attack on his conviction and sentence through a § 2255 motion. 28 U.S.C. § 2255(a).
4     Although Petitioner states in his Petition that he may be time-barred from filing a § 2255 motion,
5  the federal habeas statute of limitations bar is an affirmative defense, and is not jurisdictional. *See Day*
6  *v. McDonough*, 547 U.S. 198, 205, 209-10 (2006). In addition, Petitioner's claim that he did not have
7  all "previously requested documents from . . . ex-Defense counsel" (*see* Pet. 10) in order to file his
8  Petition raises potential equitable tolling claims that may require additional briefing and/or evidence
9  from the parties. *See United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (finding equitable
10 tolling applicable to § 2255 motions); *id.* 1197-98 (requiring further development of the record to
11 determine if petitioner's counsel withheld legal papers to petitioner's detriment).

12    It also does not appear that the instant Petition is a "second or successive" § 2255 motion that
13 would deprive the District of Oregon of jurisdiction because Petitioner has not filed any previous § 2255
14 motion. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam) (stating second or successive
15 habeas petition without appellate court authorization deprives court of jurisdiction); *Cooper v. Calderon*,
16 274 F.3d 1270, 1274-75 (9th Cir. 2001) (same).[10]

17    Finally, a transfer of the Petition would be in the interest of justice. *Cruz-Aguilera*, 245 F.3d at
18 1074. "Normally transfer will be in the interest of justice because normally dismissal of an action that
19 could be brought elsewhere is time consuming and justice-defeating." *Id.* (citation and internal quotation
20 marks omitted). "When determining whether transfer is in the interest of justice, courts have considered
21 whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action
22 in good faith, and other equitable factors." *Id.* Here, transfer in this case would serve the interest of
23 justice by preventing unnecessary delay caused by requiring Petitioner to re-file in the District of Oregon.
24 In addition, there is nothing to indicate that Petitioner did not file the Petition in good faith.
25 ///
26 ///

---

28    [10]    Because Petitioner brings a disguised § 2255 motion instead of a legitimate § 2241 petition, the second or successive analysis applies. *See Harrison*, 519 F.3d at 961-62.

7

**CONCLUSION AND ORDER**

For the reasons discussed above, pursuant to 28 U.S.C. § 1631 and in furtherance of the interest of justice, the Clerk of Court is ORDERED to transfer this matter to the United States District Court for the District of Oregon.

IT IS SO ORDERED.

**Dated:    March 2, 2009**                                   /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE